IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUSTIN GILBERT                                                                                             PLAINTIFF

v.                                              Civil No. 1:21-cv-01012

ROBERT CARROLL[1], Judge, Union County District Court;
RICKY ROBERTS, Sheriff, Union County; EBONY BEACH,
Parole Officer; and Doe                                                                              DEFENDANTS

## AMENDED REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff Justin Gilbert pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.[2]

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.    BACKGROUND

Plaintiff is currently an inmate in the Arkansas Division of Correction – North Central Unit - in Calico Rock, Arkansas. He filed his original complaint on February 12, 2021 in the Eastern District of Arkansas. (ECF No. 2). On February 23, 2021, the case was transferred to the Western

---

[1] There appears to be no judge named "Robert Carroll" in Union County, Arkansas. Plaintiff is likely referring to Circuit Judge Robin Carroll, Thirteenth Judicial Circuit, Division 4, Union County, Arkansas.
[2] An Amended Report and Recommendation is being filed because the original Report and Recommendation filed on May 25, 2021 (ECF No. 11), did not include language addressing the timeframe when objections must be filed.

District of Arkansas, El Dorado Division. (ECF No. 4). His application to proceed *in forma pauperis* (ECF No. 1) was granted on April 1, 2021. (ECF No. 5).

In response to this Court's order, Plaintiff filed an Amended Complaint on April 15, 2021. (ECF No. 7). The Court determined the Amended Complaint was deficient and on April 16, 2021, the Court ordered Plaintiff to file a Second Amended Complaint.[3] (ECF No. 8). On May 13, 2021, Plaintiff filed a Second Amended Complaint. (ECF No. 10). Plaintiff states at the time of the alleged incidents he was "in jail for…alleged parole violation" and goes on to state "well I was on parole for three years when Officer arrest me and charge me with burglarizing my home that I share with my 6 childerns". (ECF No. 10, p. 3). When asked to provide the date of his conviction or probation or parole revocation he states "June 27, 2020". *Id.*

Plaintiff names Robert Carrol – a Judge in El Dorado, Arkansas, Ricky Roberts – Sheriff of Union County, Ebony Beach – Plaintiff's Parole Officer, and the "State of Arkansas Supervisor El Dorado Parole Officer Board" as Defendants in the Second Amended Complaint. (ECF No. 10, pp. 2-3). Plaintiff asserts three claims and is suing Defendants in their personal and official capacities. He is seeking compensatory and punitive damages. *Id.* at p. 10.

Plaintiff describes Claim One as "excessive force, they arrest me without a warrant for burglary". (ECF No. 10, p. 5). He alleges on June 27, 2020, "I was on parole in El Dorado Arkansas. When Officer arrest me, no warrant, accused me of (Burglary) of the home where I live with my spose and 6 childerns." *Id.* Plaintiff does not identify who the "Officer" is. He goes on to describe his individual capacity claim as "this was a [hinous] by the police. I had a arguement with my spose; I hit the windo from inside the home; to prevent further altercation I left, the next day or two I was at E-Z Mart when officers arrest me no warrant took me to jail charge me with

---

[3] On the docket, the Second Amended Complaint (ECF No. 10) is identified as an "Amended Complaint".

2

burglary." *Id.* Plaintiff describes his official capacity claim as follows: "Mr. Gibert alledge his 4, 5, 6, 8 10 14th Amend was violated, he was arrested without a warrant his parole was revoked without affording counsel. Mr. Gibert live with the alledge victim in the same house; they have 6 kid's together; Plaintiff suffer putivite damage lost of liberty heartship ect." *Id.* at p. 6.

Plaintiff describes Claim Two as "the Defendant Force Mr. Gibbert Gilbert to court parole violation with no lawyer." (ECF No. 10, p. 6). He alleges this occurred on June 27, 2020 and names Sheriff Ricky Robert and Ebony Beach as the Defendants involved. *Id.* He goes on to allege, "the State fail to prove intent, I live at the home that they charge me with Burglary off. With my 6 children. This was a Hinous act by the police and parole officer, 'conspiracy' nothing take out the home just broke a windo. Hinous Act." *Id.* at p. 6. He describes his official capacity claim as follows: "my 6th Amend Right to effective counsel. They took me to a parole violation hearing revoked my parole first then the State still gave me a 5 year sentence; sentence me to punitive twice violate Due process, Cruel unusual punishment." *Id.* at p. 7.

Plaintiff describes Claim Three as "Excessive force they Force me to plea No-Lo-contendes". (ECF No. 10, p. 7). He alleges on June 27, 2020:

> Carroll, Judge except this hinous act. Roberts, Ricky, the Sheriff no that I did not burglarize my own home; Ebony Beach; the parole officer, violated me first. Hinous.
>
> Well my liberty, was taken, without any probable cause; per my 4th Amend; No warrant was Issue per probable cause supported by oath or Affairnmation. All the Defendant's and their agency are being sued both in their job capacity and individually: This Is A Hinous Act's

*Id.* Plaintiff describes his official capacity claim as "the 5tgh Amend State (N)o person shall deprive any person of life liberty or property without due process of law. Mr. Gilbert live in the house that he was accuse of (Burglarizing)…" *Id.* at p. 8

## II. APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson v. Nixon,* 747 F.3d 537, 544 (8th Cir. 2014) (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

4

## III.   DISCUSSION

### A. Claims Against the State of Arkansas

Plaintiff names the "State of Arkansas Arkansas State Parole Board" as a Defendant. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose*, 496 U.S. 356 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Accordingly, I recommend all claims against the "State of Arkansas Arkansas Parole Board" be dismissed because they are immune from suit and Plaintiff has failed to state a claim against them.

### B. Claims against Defendant Carroll

Defendant Carroll is identified as a Judge in El Dorado. He is presumably Union County, Arkansas, Circuit Judge Robin Carroll, who may have presided over Plaintiff's criminal proceedings. Plaintiff does not explain how Judge Carroll may have violated any of his constitutional rights. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)

("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff has failed to allege any action by Judge Carroll that was non-judicial or taken without jurisdiction. Accordingly, Plaintiff has failed to state a claim against Defendant Carroll and I recommend all claims against him be dismissed.

C. **Claims against Defendant Beach**

Defendant Beach – Plaintiff's parole officer - is also immune from suit. "[T]he extent of immunity accorded an official depends solely on the officials' function." *Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006) citing *Nelson v. Balazic,* 802 F.2d 1077, 1078 (8th Cir. 1986). The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue. *Id.* at 1078-79 (finding parole officer entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision; the decision was akin to function of police officer); *Anton v. Getty,* 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports). Accordingly, I recommend all claims against Defendant Beach be dismissed because Plaintiff has failed to state a claim against her.

D. *Heck v. Humphrey*

Even if Plaintiff's Complaint could somehow be construed to create claims against any named Defendant, his claims are clearly an attack on the parole revocation proceedings themselves and his subsequent conviction. Plaintiff is barred from bringing such claims until his convictions are invalidated by the highest state court or in a federal *habeas* proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as a substitute for

*habeas corpus* relief. In other words, he cannot seek relief pursuant to § 1983 relating to the revocation hearing and his subsequent confinement. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

In addition, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions…" *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Without a protectable liberty interest there is no due process claim. *Id.* at 886.

Accordingly, Plaintiff's claims regarding his confinement resulting from the parole revocation hearing and the validity of the criminal charges fail to state cognizable claims under § 1983.

### IV. CONCLUSION

Plaintiff's claims against all Defendants are subject to dismissal because they are either frivolous, fail to state claims upon which relief may be granted, or assert claims against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Accordingly, I recommend the case is **DISMISSED WITHOUT PREJUDICE.**

**I also recommend that this case be counted as strike pursuant to 28 U.S.C. 28 U.S.C. § 1915(g).**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

  **IT IS SO ORDERED** this 3rd day of June 2021.

                /s/ *Barry A. Bryant*
                HON. BARRY A. BRYANT
                UNITED STATES MAGISTRATE JUDGE