IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUSTIN GILBERT                                                                          PLAINTIFF

v.                                    Case No. 1:21-cv-1012

ROBERT CARROLL, Judge, Union County
District Court; RICKY ROBERTS, Sheriff,
Union County; EBONY BEACH, Parole Officer;
STATE OF ARKANSAS; and DOE                                                DEFENDANTS

# ORDER

Before the Court is the Amended Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 12. Plaintiff, representing himself in this action, has responded with timely objections. ECF No. 13. The Court finds the matter ripe for consideration.

Pursuant to 42 U.S.C. § 1983, Plaintiff brings several claims against Defendants in their individual and official capacities, alleging that he was subjected to excessive force, arrested without a warrant, was denied his right to counsel at a parole revocation proceeding, and forced to sign a plea agreement. The Court referred Plaintiff's complaint to Judge Bryant for preservice screening pursuant to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A. Judge Bryant recommends that the Court dismiss Plaintiff's complaint because the claims against Defendants are barred by certain applicable immunities.[1]

---

[1] The Report and Recommendation does not specifically discuss the claims against Sheriff Ricky Roberts in his individual and official capacities. However, the Report and Recommendation does find that Plaintiff's claims related to his parole revocation proceedings are barred by the rule of *Heck v. Humphrey*, under which a § 1983 claim must be dismissed if judgment would necessarily imply invalidity of a plaintiff's conviction or sentence. 512 U.S. 477. In the present case, Plaintiff claims that Sheriff Roberts forced Plaintiff to go to court without an attorney for his parole violation hearing. ECF no. 10, p. 6. Thus, a judgment in Plaintiff's favor would necessarily imply invalidity of his parole revocation proceedings and subsequent confinement. Accordingly, the Court agrees with Judge Bryant's finding that Plaintiff's claims against Sheriff Roberts regarding his parole revocation proceedings are barred by *Heck* and should be dismissed. Plaintiff does not specifically object to this finding in the Report and Recommendation.

- 2 -

The objections that Plaintiff filed are not responsive to the Report and Recommendation. The objections do not argue why the immunities upon which Judge Bryant recommends dismissal should not apply in this case. Instead, Plaintiff mostly argues the merits of his claims. Nevertheless, the Court has conducted a *de novo* review of this case and overrules Plaintiff's objections. Accordingly, the Court adopts the instant Amended Report and Recommendation (ECF No. 12) *in toto*.[2] Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to place a 28 U.S.C. § 1915(g) flag on this case.

**IT IS SO ORDERED**, this 21st day of December, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Because the original Report and Recommendation (ECF No. 11) was amended (ECF No. 12), the Court finds that the original Report and Recommendation (ECF No. 11) is MOOT and DECLINES TO ADOPT it.